UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------X

RECEIVED
SDNY PRO SE OFFICE
2022 JUN 17  PM 2: 08

ALI SALEM,

     Plaintiff,       **22 Civ.**

-against-            **COMPLAINT AND JURY DEMAND**

NEW YORK UNIVERSITY, RAQUEL COOPER,
Individually and on behalf of New York University
And PETER VOLTZ individually and
as Dean for Undergraduate and Graduate Academics, NYU Tandon School of Engineering

      Defendants.

-------------------------------------------------X

## PRELIMINARY STATEMENT

1. This action seeks damages, injunctive relief, attorneys' fees and other appropriate equitable and legal relief on behalf of Plaintiff as a result of Defendants' violation of his civil rights.

2. This action is brought to remedy discrimination on the basis of national origin (Iranian) and religion (Muslim) , pursuant to Title VI of the Civil Rights Act of 1964, 42 U.S.C. '2000(d), et seq.  This action is also brought to remedy discrimination on the basis of Plaintiff's national origin (Iranian) in violation of 42 U.S.C. § 1981 ("Section 1981"), and pursuant to the Executive Law § 290 et. seq.  (New York State Human Rights Law or NYSHRL) and the New York City Administrative Code 8-107. (New York City Human Rights Law or NYCHRL)

3. Plaintiff seeks compensatory and punitive damages and other appropriate relief pursuant to Section 1981, New York State and New York City Human Rights Law.

4. Defendant New York University (NYU) is under a duty not to engage in invidious religious (citizenship or residency in a country with a dominant religion or distinct religious identity to wit

Iranian) and national origin discrimination or practices which discourage enrollment or involvement with that receives federally funds.

5.     As hereinafter shown, Plaintiff, as an Iranian Muslim is a member of a protected class and beneficiary of this non-discrimination mandate. As further shown herein, Defendants have breached their duty of non-discrimination.

## JURISDICTION, VENUE, AND CONDITIONS PRECEDENT TO SUIT

6.     The Court has subject-matter jurisdiction over Plaintiff's federal claims under 28 U.S.C. §§ 1331 and 1343(a). The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).

7.     Venue lies in the Southern District of New York under 28 U.S.C.§ 1391(b)(1) because Defendant NYU principal place of business is in this district within the meaning of 28 U.S.C. § 1391(c)(2) and, on information and belief, all defendants reside in the State of New York.

8.     Venue is proper pursuant to 28 U.S.C. 1391.

## THE PARTIES

9.     Plaintiff Ali Salem (hereinafter at all times referred to as "Plaintiff or Mr. Salem") was duly enrolled in NYU and sought readmission to the Tandon School of Engineering/NYU Master's Degree program in electrical engineering.

10.    Defendant NYU (hereinafter at all times referred to as Defendant NYU) is a private college located in New York County, NY.

11.    Defendant NYU is a recipient of federal, state and local government grants, loans and is within the jurisdiction of this Court.

12.    Defendant Peter Voltz (hereinafter Defendant Voltz) is the Associate Dean for undergraduate and graduate academics at NYU and was acting individually and on behalf of

Defendant NYU at all times relevant in the complaint.

13.     Defendant Raquel Cooper (hereinafter Defendant Cooper) is the Senior Director of Graduate Academics at NYU at all times relevant in the complaint.

## FACTUAL STATEMENT

14.     Mr. Salem is an internationally award-winning researcher, inventor, and scientist. He holds a Master's Degree and Bachelor's degree in aerospace engineering from Sharif University of Technology, one of the best engineering schools in the Middle East. In fact, Plaintiff was working on a revolutionary Covid Fighter Robot that helps to kill germs and bacteria and was awarded as the only project from North America by the Institute of Electrical and Electronics Engineers (IEEE) 2020. He also holds 3 US patents (1 utility 2 Provisionals). He invented the world's first combo aerial and terrestrial UV-C sanitizer robot to help fight against Covid-19.

15.     Mr. Salem was also the elected a full fellowship PhD student in Mechanical Engineering and Electrical Engineering at the University of Illinois Chicago and the City University of New York, respectively.

16.     Mr. Salem was studying at NYU for total 2 semesters, Fall 2018 and spring 2019. His overall GPA was 2.611.

17.     Although according to the policies of Defendant NYU, he would have an opportunity to bring his GPA over a 3.0, Defendants Cooper and Voltz compelled Mr. Salem to transfer his records to another school.

18.     Thereafter, although the Bursar Office at NYU agreed to receive Plaintiff's tuition in separate installments, Defendant Voltz compelled Mr. Salem to pay full and placed Plaintiff's account on additional hold even though he did not have the authority to do so.  In fact, Defendant Voltz usurped the Bursar Office's decision and unilaterally placed Plaintiff's status on hold for

unpaid tuition.

19.     Upon information and belief, Defendant Voltz has never on any prior occasion placed a hold on other students accounts demanding paying for their unpaid tuition fully before letting them to continue their studies because the Bursar office has its own procedure to arrange tuition.

20.     Defendant NYU's policy is that one has three semesters to raise one's GPA over 3.0 and Plaintiff was prevented from doing so.

21.     Plaintiff duly applied for readmission for Spring 2021 but was rejected due to his GPA of 2.6.    However, a similarly situated student D.S, an undergraduate student from CUNY with an approximate GPA of 2.5. who is a non-Iranian/American/Citizen was granted a master admission to NYU Tandon Robotics program for Fall 2021.

22.     Thereafter, Plaintiff was advised by Defendant Voltz that he wanted to see Plaintiff's GPA/Academic Record improve at another school to gain readmission that was basically a very exceptional expectation.

23.     Plaintiff enrolled in CUNY's PhD's Degree program in Electrical Engineering and has a 3.9 GPA at the time of applying to NYU Fall 2022.

24.     Thus, Plaintiff reapplied for the Fall 2022, but his admission was again denied by Defendants.

25.     A review of the rejection letter for a Fall 2022 admission clearly shows they (Raquel Cooper or Peter Voltz) rejected Plaintiff without sending the application to the Electrical Engineering Department.  Plaintiff's application was swiftly rejected on January 28, 2022.

26.     On different occasions at Oct 2019, Defendant Cooper stopped Mr. Salem without inviting him to her office and started to disclose his situation/academic information in the hallway without Mr. Salem's written contest. The incident happened when Mr. Salem was on his way to reach Dean's Office. Raquel Cooper again chased and stopped Mr. Salem in the hallway and told Mr.

Salem to leave NYU.  After talking bluntly in the hallway, she invited Plaintiff to continue her discussion at her office. What she said was surprisingly offensive "I do not like to kick you out of my office, but I have to!". Her efforts to hate Plaintiff were not just neglecting his privacy but also insulting him verbally. This was a violation of Plaintiff's right to educational privacy as the conversation could clearly be heard by students and others passing by. Plaintiff reported her misconducts to NYU but nothing changed.

27.    Another incident happened, when Plaintiff was on campus for meeting with his adviser and picking up his updated I-20. Again, Plaintiff did not have any scheduled appointments with Defendant Cooper.  However, she then attempted to report a memo for the security to not allow Plaintiff to enter the building during his medical leave. All security personnel knew Mr. Salem for honesty and integrity a long time and had 24 hours access to the building for two consequent semesters.

28.    When Plaintiff returned to school to register spring 2020 semester and meeting officials' staff, Defendant Cooper came down to the information desk and revealed academic situation, medical leave and financial situation in the presence of security guards, students, and staff without Plaintiff's consent in violation of HIPPA and FERPA. She said we helped you to adjust your status meaning that she made her decision to discontinue plaintiff studies at NYU from October 2019. She meant that Defendant's help was to not let Plaintiff be the student at NYU anymore.

29.    Before that incident, Raquel Cooper filed a false report that Plaintiff is a threat to the school. Because of that false report to the system, security personals insulted Plaintiff and threatened him to call the police.

30.    Defendant Cooper defamed Mr. Salem's reputation by sticking trying to code his name to as a security problem. Defendant Cooper also disclosed his academic information in the presence

of other students and staff.  As result of Defendant Cooper's false allegations, a trespass warning was issued by security.

### FIRST CLAIM FOR RELIEF-DEFENDANT NYU ONLY
### TITLE VI-NATIONAL ORIGIN AND CITIZENSHIP OR
### RESIDENCY IN A COUNTRY WITH A DOMINANT
### RELIGION OR DISTINCT RELIGIOUS IDENTITY

31.     Plaintiff hereby repeats and realleges each allegation in each numbered paragraph above.

32.     Title VI prohibits discrimination based on an individual's national origin and citizenship or residency in a country with a dominant religion or distinct religious identity to wit Iranian in programs and activities receiving federal financial assistance.

33.     Plaintiff's national origin and citizenship (Iranian) and as such, is a member of a protected class.

34.     The Defendants were deliberately indifferent and subject him to a hostile educational environment and disparate treatment.

35.     CG was deprived of two educational benefits as a result of the harassment and disparate treatment: (1) a supportive, scholastic environment free of discrimination and harassment and (2) the ability to complete his education.

36.     As a direct and proximate result of Defendants' unlawful discrimination, Plaintiff suffered and will continue to suffer harm, including but not limited to a loss of educational opportunities, humiliation, embarrassment, reputational harm, emotional, physical, and psychological distress, and other damages.

## SECOND CLAIM FOR RELIEF
## 1981-NATIONAL ORIGIN

37.     Plaintiff hereby repeats and realleges each allegation in each numbered paragraph above.

38.     Defendants' discriminatory actions against Plaintiff, discriminatory application of its disciplinary procedures with respect to Plaintiff, creation of a hostile educational environment and disparate treatment against Plaintiff by Defendants on account of his national origin (Iranian) violated the Civil Rights Act of 866 (42 U.S.C. § 1981) as amended by the Civil Rights Restoration Act of 1991.

39.     Each of the Defendants were involved and took part in the discrimination against the Plaintiff.

40.     Defendants have violated Section 1981 by depriving plaintiff of his equal rights under the law by subjecting plaintiff to disparate treatment and a hostile environment and by dismissing Plaintiff and failing to reinstate Plaintiff because he is Iranian.

41.     Defendants' actions deprived plaintiff of the equal right to make and enforce contracts, including his right to enjoyment of the benefits, privileges, terms and conditions of his contractual relationship with defendant NYU.

42.     Defendants knew that their actions constituted unlawful discrimination on the basis of national origin, and/or showed reckless disregard for plaintiff's statutorily protected rights.

43.     As a proximate cause of Defendants' conduct, Plaintiff has suffered injury, harm and damages, and has had his contractual rights impaired, interfered with and/or terminated and Defendants have otherwise impaired and interfered with Plaintiff's right to make and enforce contracts including the making performance, modification and termination of contracts and the enjoyment of all benefits, privileges, terms and condition of the contractual relationship. Plaintiff has suffered damages as a result of defendants' discriminatory conduct.

7

44.     As a proximate cause of Defendants' actions, Plaintiff has suffered and continues suffering severe and lasting embarrassment, humiliation, and anguish and other incidental and consequential damages and expenses.

### THIRD CLAIM FOR RELIEF
### NEGLIGENT SUPERVISION OF STAFF-DEFENDANT NYU ONLY

45.     Plaintiff hereby repeats and realleges each allegation in each numbered paragraph above.

46.     Defendant NYU owed a duty to Plaintiff to supervise its employees by training its employees in methods (diversity training) that would not treat students unequally.

47.     Defendant NYU owed a duty to Plaintiff to supervise its employees including the training of its administrators and taking appropriate measures to take if it is observed unequal treatment.

48.     Defendant NYU breached its duty to adequately train and supervise its staff, supervise and educate its Administrators, and is liable for foreseeable injuries proximately caused by the absence of adequate training and supervision.

49.     The psychological damage caused to Plaintiff is foreseeable and profound. As a result of the foregoing, Plaintiff has been damaged.

50.     Plaintiff was harmed by Defendant NYUs' failure to properly train its staff.

51.     The psychological damage and damage to his reputation caused by Defendant is foreseeable and profound. As a result of the foregoing, Plaintiff has been damaged.

### FOURTH CLAIM FOR RELIEF
### N.Y. EXECUTIVE LAW § 296(6) AGAINST ALL DEFENDANTS

52.     Plaintiff realleges the preceding paragraphs as if set forth here.

53.     DOE is an educational institution as defined by New York Executive Law § 292(39).

54.     Defendant NYU discriminated against Plaintiff in violation of N.Y. Executive Law §

296(4), by subjecting him to different treatment on the basis of his national origin, including by subjecting him to disparate treatment and a hostile educational environment; by failing to prevent, respond to, adequately investigate, and/or appropriately resolve and remedy instances of unlawful discrimination; and by exhibiting deliberate indifference to the risk that he would be subjected to unlawful discrimination and a hostile educational environment.

55.     Plaintiff suffered and will continue to suffer harm, including but not limited to loss of educational opportunities, humiliation, embarrassment, reputational harm, emotional physical, and psychological distress, and other damages.

## FIFTH CLAIM FOR RELIEF
### N.Y.C. ADMIN. CODE § 8-107(4)- DEFENDANT NYU ONLY

56.     Plaintiff realleges the preceding paragraphs as if set forth here.

57.     During all times relevant to this claim IS A place or provider of public accommodation within the meaning of New York City Administrative Code § 8-107(4)(a).

58.     By its actions as alleged herein, Defendant NYU denied to and withheld from Plaintiff the full and equal enjoyment of educational services because of his national origin.

59.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff suffered and will continue to suffer harm, including but not limited to loss of educational opportunities; humiliation; embarrassment; reputational harm; emotional physical, and psychological distress; and other damages.

## JURY DEMAND

### PLAINTIFF HEREIN DEMANDS A TRIAL BY JURY.

WHEREFORE, the Plaintiff herein, Ali Salem demands judgment as follows:

A.      Judgment for economic losses and compensatory damages in an amount in excess of the limit for compulsory arbitration.

B.      Punitive and exemplary damages as permitted by law against the defendants.

C.      For the violation of any claim providing for equitable relief, appropriate injunctive relief including admission into NYU and any other equitable relief that is just and equitable.


Dated: New York, New York
       June 17, 2022

                                        Respectfully submitted,



                                        Ali Salem
                                        Plaintiff Pro Se
                                        77 Bay 7th Street
                                        Brooklyn, NY 11228
                                        917-974-3276
                                        alisalemir@yahoo.com