UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------------------- X
ALI SALEM,                                                     :
                                                               :
                              Plaintiff,                       :
                                                               :
              -against-                                        :   22-CV-5112 (VEC)
                                                               :
NEW YORK UNIVERSITY, RAQUEL COOPER,                            :   ORDER ADOPTING
individually and on behalf of New York University,             :   REPORT &
and PETER VOLTZ, individually and as Dean for                  :   RECOMMENDATION
Undergraduate and Graduate Academics, NYU                      :
Tandon School of Engineering,                                  :
                                                               :
                              Defendants.                      :
-------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/17/2023

VALERIE CAPRONI, United States District Judge:

WHEREAS on June 17, 2022, Plaintiff Ali Salem, proceeding *pro se*, filed a complaint against Defendants New York University ("NYU"), Raquel Cooper, and Peter Voltz, Dkt. 1;

WHEREAS Plaintiff asserted claims pursuant to Title VI of the Civil Rights Act of 1964, Section 1981, the New York State Human Rights Law, and the New York City Human Rights Law against Defendants collectively, and also alleged that Defendant NYU negligently supervised its employees, *id*.;

WHEREAS on June 23, 2022, this matter was reassigned to the Undersigned;

WHEREAS on June 27, 2022, the Court referred this case to Magistrate Judge Cave for general pretrial management and for the preparation of reports and recommendations ("R&Rs") on any dispositive motions, Dkt. 6;

WHEREAS on September 7, 2022, Defendants moved to dismiss the complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), Dkt. 11;

WHEREAS Mr. Salem opposed the motion to dismiss and withdrew his Section 1981 claim, his negligence claim against NYU, and all claims against Defendants Cooper and Voltz, Dkt. 18;

WHEREAS on April 28, 2022, Magistrate Judge Cave entered an R&R, recommending that the Court (1) grant Defendants' motion to dismiss with prejudice as to Plaintiff's Section 1981 and negligent supervision claims, as well as all claims against Defendants Cooper and Voltz; and (2) grant Defendants' motion to dismiss without prejudice as to Plaintiff's Title VI, NYSHRL, and NYCHRL claims against NYU and grant Plaintiff leave to file an amended complaint as to those claims, R&R, Dkt. 21 at 15;

WHEREAS in the R&R, Magistrate Judge Cave notified the parties that, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), they had fourteen days to file written objections to the R&R's findings, *id.* at 16;

WHEREAS Magistrate Judge Cave further noted that failure to file objections would result in both the waiver of objections and the preclusion of appellate review, *id.* (using bolded and all caps font);

WHEREAS no objections were filed by either party;

WHEREAS in reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1)(C);

WHEREAS when, as here, no party objects to the R&R, the Court may accept the R&R provided that "there is no clear error on the face of the record," *Heredia v. Doe*, 473 F. Supp. 2d 462, 463 (S.D.N.Y. 2007) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *see also* Fed. R. Civ. P. 72(b) advisory committee's note;

WHEREAS an error is clear when the reviewing court is left with a "definite and firm conviction that a mistake has been committed," *see Cosme v. Henderson*, 287 F.3d 152, 158 (2d Cir. 2002) (quoting *McAllister v. United States*, 348 U.S. 19, 20 (1954)); and

WHEREAS careful review of the R&R reveals that there is no clear error.

IT IS HEREBY ORDERED that the R&R is adopted in full.  Defendants' motion to dismiss is GRANTED with prejudice as to Plaintiff's section 1981 and negligent supervision claims, as well as his claims against Defendants Cooper and Voltz.  Defendants' motion to dismiss is GRANTED without prejudice as to Plaintiff's Title VI, NYSHRL, and NYCHRL claims against NYU.  If Mr. Salem wishes to amend his complaint, he must move for leave to file an amended complaint not later than **June 16, 2023**.  Any motion for leave to file an amended complaint must include a proposed amended complaint.  The Clerk of Court is respectfully directed to terminate Defendants Cooper and Voltz from the docket and to close the open motion at docket entry 11.

Because the R&R gave the parties adequate warning, *see* R&R at 16, the failure to file any objections to the R&R precludes appellate review of this decision.  *See Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision.").  Because appellate review is precluded, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, permission to proceed *in forma pauperis* for purposes of appeal is denied.

**SO ORDERED.**

Date:  May 17, 2023
       New York, New York

_____
VALERIE CAPRONI
United States District Judge