USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/29/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
ALI SALEM,
                Plaintiff,

         -against-

NEW YORK UNIVERSITY,
                Defendant.
-------------------------------------------------------------------- X

22-CV-5112 (VEC)

OPINION & ORDER

VALERIE CAPRONI, United States District Judge:

      WHEREAS on June 17, 2022, Plaintiff Ali Salem, proceeding *pro se*, sued New York University ("NYU"), Raquel Cooper ("Cooper"), and Peter Voltz ("Voltz"), *see* Compl., Dkt. 1;

      WHEREAS Plaintiff asserted claims pursuant to Title VI of the Civil Rights Act of 1964, Section 1981, the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL") against Defendants collectively, and also alleged that Defendant NYU negligently supervised its employees, *id*.;

      WHEREAS on June 27, 2022, the Court referred this case to Magistrate Judge Cave for general pretrial management and for the preparation of reports and recommendations ("R&Rs") on any dispositive motions, *see* Referral Order, Dkt. 6;

      WHEREAS on September 7, 2022, Defendants moved to dismiss the Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), *see* Defs. Not. of Mot., Dkt. 11;

      WHEREAS on April 28, 2023, Magistrate Judge Cave issued an R&R, *see* R&R, Dkt. 21;

      WHEREAS on May 17, 2023, the Court adopted Magistrate Judge Cave's R&R in full, (1) dismissing with prejudice Plaintiff's Section 1981 and negligent supervision claims, as well

1

as all claims against Defendants Cooper and Voltz, (2) dismissing without prejudice Plaintiff's Title VI, NYSHRL, and NYCHRL claims against NYU, and (3) granting Plaintiff leave to move to amend his complaint, *see* Order, Dkt. 22;

WHEREAS on June 26, 2023, Plaintiff moved for leave to amend his complaint, *see* Pl. Not. of Mot., Dkt. 28;

WHEREAS on July 6, 2023, NYU, the lone remaining Defendant, opposed the motion, *see* Def. Mem. in Opp., Dkt. 30;

WHEREAS Plaintiff chose not to file a reply brief in support of his motion for leave to amend his complaint;

WHEREAS on September 15, 2023, Magistrate Judge Cave issued an R&R recommending that the Court deny Plaintiff's motion, decline to exercise supplemental jurisdiction over his NYSHRL and NYCHRL claims, and dismiss the Title VI claims with prejudice, *see* R&R, Dkt. 32;

WHEREAS in the R&R, Magistrate Judge Cave notified the parties that, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), they had fourteen days to file written objections to the R&R's findings, *id.* at 22;

WHEREAS Magistrate Judge Cave further noted that failure to file objections would result in both the waiver of objections and the preclusion of appellate review, *id.* (using bolded and all caps font);

WHEREAS on September 29, 2023, Plaintiff objected to the R&R, *see* Pl. Objs., Dkt. 34;

WHEREAS on October 12, 2023, Plaintiff filed a proposed second amended complaint (the "Proposed SAC"), *see* Proposed SAC, Dkt. 36;[1]

---

[1]  Plaintiff did not previously file a first amended complaint.  On that same day, Defendant requested a pre-motion conference before Magistrate Judge Cave on its anticipated motion to strike the Proposed SAC.  *See* Letter,

WHEREAS on October 13, 2023, Defendant responded to Plaintiff's objections, *see* Def. Response, Dkt. 40;

WHEREAS in reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1)(C);

WHEREAS when specific objections are made to the R&R, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to," Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997);

WHEREAS where objections are "merely perfunctory responses argued in an attempt to . . . rehash[] the same arguments set forth in the original papers," a "district court need only find that there is no clear error on the face of the record in order to accept the Report and Recommendation," *Phillips v. Reed Grp., Ltd.*, 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013) (cleaned up);

WHEREAS the Court need not consider arguments contained in the objections that were not raised initially before the magistrate judge, *see Robinson v. Keane*, No. 92-CV-6090, 1999 WL 459811, at *4 (S.D.N.Y. June 29, 1999) ("These issues were not raised before the Magistrate Judge and therefore were not addressed by him; accordingly, they may not properly be deemed 'objections' to any finding or recommendation made in the Report and Recommendation.");

WHEREAS portions of Plaintiff's objections are duplicative of his past arguments, *compare* Pl. Mem., Dkt. 29, at 3 (arguing amendment is not futile) *with* Pl. Objs. at 10 (same);

---

Dkt 37.  Magistrate Judge Cave denied the motion without prejudice to renew it, if appropriate, after the Undersigned's resolution of Plaintiff's objections to the R&R.  *See* Order, Dkt. 43.

WHEREAS the remainder of Plaintiff's "objections" simply regurgitate the allegations in the Proposed SAC without explaining why Magistrate Judge Cave's R&R is in error, see Pl. Obj. at 11–20;

WHEREAS because the portions of Plaintiff's objections that were raised before the Magistrate Judge are perfunctory and not substantive, the Court may accept the R&R if there is no clear error on the face of the record;

WHEREAS an error is clear when the reviewing court is left with a "definite and firm conviction that a mistake has been committed," see *Cosme v. Henderson*, 287 F.3d 152, 158 (2d Cir. 2002) (quoting *McAllister v. United States*, 348 U.S. 19, 20 (1954)); and

WHEREAS careful review of the well-reasoned R&R reveals that there is no clear error;

IT IS HEREBY ORDERED that the R&R is adopted in full.  Plaintiff's motion for leave to file an amended complaint is DENIED, Plaintiff's Title VI discrimination and retaliation claims are DISMISSED with prejudice, and the Court declines to exercise supplemental jurisdiction over the NYSHRL and NYCHRL claims so they are DISMISSED without prejudice.

IT IS FURTHER ORDERED that the Clerk of Court is respectfully directed to STRIKE the Proposed SAC.  The Proposed SAC was untimely and filed without leave of the Court.  *See Gilani v. Hewlett-Packard Co.*, No. 15-CV-5609 (NSR), 2022 WL 1078881, at *1 (S.D.N.Y. Apr. 6, 2022) (noting that the *pro se* plaintiff's untimely amended complaint was stricken when it was filed without leave).  Although the Court is obliged "to afford a special solicitude to *pro se* litigants," *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010), *pro se* litigants "generally are required to inform themselves regarding procedural rules and to comply with them," and "[t]his

is especially true in civil litigation," *LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993) (cleaned up)).[2]

Plaintiff asserts that he submitted for filing a memorandum of law in support of his motion for leave to file a second amended complaint in conjunction with the Proposed SAC, and that the memorandum was never docketed. *See* Letter, Dkt. 39. Plaintiff's email to the *pro se* filing unit dated October 11, 2023, however, stated only, "Attached, please find the Plaintiff's second amendment [sic] complaint," and, by email the following day, Plaintiff stated, "I found a typo and wanted to replace it with the corrected version of the amendment [sic] complaint." Neither email referenced a memorandum of law, and the Office of Pro Se Litigation does not have any such memorandum in its files. Furthermore, there is no indication that, in the more than one month that has elapsed since Plaintiff filed his letter stating that no memorandum was docketed, he has attempted to file the memorandum of law.

IT IS FURTHER ORDERED that because amendment would be futile, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, permission to proceed *in forma pauperis* for purposes of appeal is denied.

The Clerk of Court is respectfully directed to terminate the open motions at docket entries 28 and 36 and to close this case.

**SO ORDERED.**

Date: November 29, 2023
New York, NY

_____
**VALERIE CAPRONI**
**United States District Judge**

---

[2] Even if the Court were to ignore the procedural deficiencies of the Proposed SAC, the additional allegations contained in it fail to remedy the deficiencies identified in Magistrate Judge Cave's R&R.