USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/04/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
ALI SALEM,

                Plaintiff,

        -against-

NEW YORK UNIVERSITY,

                Defendant.
------------------------------------------------------------------X

22-CV-5112 (VEC)

ORDER

VALERIE CAPRONI, United States District Judge:

       WHEREAS on June 17, 2022, Plaintiff Ali Salem, proceeding *pro se*, sued New York University ("NYU"), Raquel Cooper ("Cooper"), and Peter Voltz ("Voltz"), *see* Compl., Dkt. 1;

       WHEREAS Plaintiff asserted claims pursuant to Title VI of the Civil Rights Act of 1964, Section 1981, the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL") against Defendants collectively, and also alleged that Defendant NYU negligently supervised its employees, *id.*;

       WHEREAS on June 27, 2022, the Court referred this case to Magistrate Judge Cave for general pretrial management and for the preparation of reports and recommendations ("R&Rs") on any dispositive motions, *see* Referral Order, Dkt. 6;

       WHEREAS on September 7, 2022, Defendants moved to dismiss the Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), *see* Defs. Not. of Mot., Dkt. 11;

       WHEREAS on April 28, 2023, Magistrate Judge Cave issued an R&R, *see* R&R, Dkt. 21;

       WHEREAS on May 17, 2023, the Court adopted Magistrate Judge Cave's April 28, 2023, R&R in full, (1) dismissing with prejudice Plaintiff's Section 1981 and negligent

1

supervision claims, as well as all claims against Defendants Cooper and Voltz, (2) dismissing without prejudice Plaintiff's Title VI, NYSHRL, and NYCHRL claims against NYU, and (3) granting Plaintiff leave to move to amend his complaint, *see* Order, Dkt. 22;

WHEREAS on June 26, 2023, Plaintiff moved for leave to amend his complaint, *see* Pl. Not. of Mot., Dkt. 28;

WHEREAS on July 6, 2023, NYU, the lone remaining Defendant, opposed the motion, *see* Def. Mem. in Opp., Dkt. 30;

WHEREAS Plaintiff chose not to file a reply brief in support of his motion for leave to amend his complaint;

WHEREAS on September 15, 2023, Magistrate Judge Cave issued an R&R recommending that the Court deny Plaintiff's motion, decline to exercise supplemental jurisdiction over his NYSHRL and NYCHRL claims, and dismiss the Title VI claims with prejudice, *see* R&R, Dkt. 32;

WHEREAS on October 12, 2023, Plaintiff filed a proposed second amended complaint (the "Proposed SAC"), *see* Proposed SAC, Dkt. 36;[1]

WHEREAS on November 29, 2023, the Court adopted Judge Cave's September 15, 2023 R&R (the "September 2023 R&R"), dismissing Plaintiff's claims and denying Plaintiff leave to file an amended complaint, *see* Opinion & Order, Dkt. 44;

WHEREAS in its order dismissing the case, the Court directed the Clerk of Court to strike the Proposed SAC because it was untimely and filed without leave of the Court, *id.* at 4–5;

---

[1] Plaintiff did not previously file a first amended complaint. On that same day, Defendant requested a pre-motion conference before Magistrate Judge Cave on its anticipated motion to strike the Proposed SAC. *See* Letter, Dkt 37. Magistrate Judge Cave denied the motion without prejudice to renew it, if appropriate, after the Undersigned's resolution of Plaintiff's objections to the R&R. *See* Order, Dkt. 43.

WHEREAS the Court further opined that, even if it were to ignore these procedural deficiencies, the additional allegations in the Proposed SAC failed to remedy the deficiencies identified in the September 2023 R&R, *id.* at 5 n.2; and

WHEREAS on December 4, 2023, the Pro Se Office notified the Court that it had overlooked an October 11, 2023 email from Plaintiff attaching a memorandum of law requesting leave to file the Proposed SAC, *see* Pl. Mem., Dkt. 45;

IT IS HEREBY ORDERED that Plaintiff's newly docketed memorandum does not disturb the Court's November 29, 2023 order (the "Order") dismissing the case. As set forth in the Order, even putting aside any procedural deficiencies, the Proposed SAC did not remedy the deficiencies identified in the September 2023 R&R. Moreover, although Plaintiff's memorandum requests leave to amend, it does not identify any non-conclusory reason why amendment would not be futile. *See* Pl. Mem. at 3–4 (stating merely that amendment would not be futile because "the facts alleged in the [Proposed SAC], taken as true and in the light most favorable to the Plaintiff, will survive an immediate dismissal").

This case therefore remains closed and permission to proceed *in forma pauperis* for purposes of appeal remains denied.

**SO ORDERED.**

Date:  **December 4, 2023**
       **New York, NY**

_____
VALERIE CAPRONI
United States District Judge