Ali Salem,
alisalemir@yahoo.com
(917) 974-3276
77 bay 7th St, Brooklyn, NY 11228

Hon. Sarah L. Cave
United States Magistrate Judge
Southern District of New York
500 Pearl Street, Room 1670
New York, New York 10007

Re: Ali Salem v. New York University, et al; Case No. 1:22-cv-05112

Dear Magistrate Judge Cave:

As I mentioned (ECF Doc No. 39) and reiterate now, On Wed, October 11 at 5:01 Pm 2023 I attached and sent two files, namely, " memo in support of motion to amend (2).pdf" and " proposed 2nd AC.pdf," to the designated pro-se email (*Figure 1*). The files have 206.6 kb, and 135.2 kb of data respectfully were attached and sent. In less than a minute, at 5:02 pm on Wed Oct 11, 2023, I received the "Acknowledgement of Receipt" from the designated pro-se email (*Figure 2*). The " memo in support of motion to amend (2).pdf" is the official memorandum of law in support of Plaintiff's motion for leave to file a second amended complaint (ECF Doc No. 36). On Thursday, 12 Oct 2023, I replied to my first email and informed the pro-se office that "proposed 2nd AC.pdf" needs to be replaced with a newer version because of a typo (*Figure 3*). But this doesn't negate the fact that I had sent the memorandum of motion for leave to file a second amended complaint. I am not at fault for the reason the pro se office doesn't consider that email after I reminded them to take "memo in support of motion to amend (2).pdf" from my email (ECF Doc No. 39). Because I had received the email receipt and informed the court (ECF Doc No. 39) before your honor's order (ECF Doc No. 43), I thought the problem was resolved, and I did not attempt to refile the memorandum of law again.



*Figure 1 Screenshot of the sent email*

Page **1** of **2**



*Figure 2 Screenshot of the Acknowledgement of Receipt Email*

*Figure 3 Screenshot of the email for the proposed amendment only*

      My SAC contains crucial information about nonparties (Peter Voltz) and the defendants' continuous and deliberate attempts to harm me. In fact, the Honorable Judge's decision granted him permission to prolong cutting me off from my personal and intellectual properties, obfuscate my intellectual properties, and damage my studies by rejecting my admissions and not reinstating me in the program. These actions directly attribute to the defendants' actions that I have already explained in detail in the SAC. I have colorable grounds for relief and the claims, taken in the most favorable view, are productive. In <u>Forman v. Davis</u>, 371 U.S. 178 (1962) the Supreme Court enunciated guidelines to determine when an amendment should be allowed: "*If the underlying facts or circumstances relied upon by plaintiff may be proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits* (emphasis added).

      The fact that I complied with the procedural rules and filed my memorandum of law, but it is systematically ignored (ECF Doc No. 44) is something I couldn't have anticipated. I am willing to provide further clarification by voluntarily coming to the pro se office, opening my email on their computer of choice, and showing them the attached memo...pdf.

      Among other things, defendants' claims of my unrealistic demands are misleading and irrelevant to the basis of my proposed SAC. I just wanted to inform you that I am not referencing additional demands in the SAC.

      For the foregoing reasons, Plaintiff's motion for leave to file an amended complaint should be granted in its entirety and Plaintiff should be allowed to amend his complaint.

Thank you for your consideration.
Very truly yours,
Ali Salem, Pro Se